NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIPICO PRODUCTS CO., INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DORATO FOODS, LLC; MARIO BOGANA; )<br>SAL TRINCHILLO; MIKE CONWAY; )<br>MARIANNE ACREE; BURTON RUTSTEIN; )<br>BURTON G. RUTSTEIN FOOD )<br>BROKERAGE; ROBERT MANWARREN; )<br>STETZ BELGIOVINE & MANWARREN, )<br>P.C.; SBM INVESTMENTS; BOGANA )<br>IMPORTS; BOGANA COMPANY; JOHN )<br>DOES 1-10 AND ABC CORPS. 1-10, )<br>)<br>Defendants. )<br>) | Civil Action No. 06-3329 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon Plaintiff Tipico Products Co., Inc.'s ("Tipico" or "Plaintiff") Motion to Remand this matter to the Superior Court of New Jersey, Chancery Division, in Ocean County, New Jersey, and the Cross-Motion to Change Venue to the United States Bankruptcy Court for the Eastern District of Pennsylvania by Defendants Dorato Foods, LLC ("Dorato Foods"), Mario Bogana ("Bogana"), Sal Trinchillo ("Trinchillo"), Mike Conway ("Conway"), Marianne Acree ("Acree"), and Bogana Imports, Inc. ("Bogana Imports") (collectively, "Defendants"). The Court has decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny

Plaintiff's Motion to Remand, and grant Defendants' Motion to transfer this action to the United States Bankruptcy Court for the Eastern District of Pennsylvania.

**BACKGROUND**

Plaintiff Tipico is a Delaware corporation with its principal place of business in New Jersey. (Compl. ¶ 2.) Defendant Dorato Foods is a New Jersey corporation with its principal place of business in Pennsylvania. (*Id.* at ¶ 3.) Tipico and Dorato are both involved in the processing and distribution of cheese. (*Id.* at ¶¶ 17, 38.)

Defendants Bogana, Trinchillo, Acree, and Conway are former Tipico employees. (*Id.* at ¶¶ 4-7.) Mr. Trinchillo and Mr. Conway are now employed by Dorato. (Compl. ¶¶ 5, 7; Certification of Michael Conway ("Conway Cert."), at ¶ 4; Certification of Salvatore Trinchillo ("Trinchillo Cert.") at ¶ 4.)[1] Mr. Conway and Mr. Trinchillo founded Dorato on January 12, 2005. (Conway Cert. ¶ 4; Trinchillo Cert. ¶ 4.) Mr. Trinchillo left Tipico on May 31, 2005, and Mr. Conway resigned from Tipico on June 15, 2005. (Trinchillo Cert. ¶ 3; Conway Cert. ¶ 3; Compl. ¶¶ 32, 34.)

Defendants Conway and Trinchillo filed for Chapter 7 bankruptcy on April 27, 2006 in the United States Bankruptcy Court for the Eastern District of Pennsylvania. (Mot. at 3-4; Opp'n at 1; *see also In re Michael Martin Conway*, Case No. 06-20566 (Bankr. E.D. Pa.), *In re: Salvatore Trinchillo*, Case No. 06-20568 (Bankr. E.D. Pa.).) On July 7, 2006, Mr. Bogana filed a voluntary Chapter 7 petition with that court. (Mot. at 4.) Chapter 7 trustees have been appointed to manage the estates of Messrs. Conway, Trinchillo and Bogana. (Mot. at 4.) Dorato Foods has since also filed for Chapter 7 bankruptcy in the Bankruptcy Court for the Eastern District of

---

[1] The parties disagree on whether Mr. Bogana and Mrs. Acree are now Dorato employees. (Bogana Cert. ¶ 3; Compl. ¶¶ 4, 6; Conway Cert. ¶ 21.)

Pennsylvania. (Opp'n at 1, *citing In re Dorato Foods, LLC*, Case No. 06-21000 (Bankr. E.D. Pa.).)

On August 26, 2006, Tipico filed a Complaint in the Superior Court of New Jersey, Chancery Division, Ocean County (the "State Court Action") seeking injunctive relief and damages for:

> (a) breach of the defendants' fiduciary duty and loyalty to Plaintiff in their establishment of a competing business[, Dorato Foods,] while employed by Plaintiff as its key employees for over ten (10) years;
>
> (b) unlawful seizure and/or destruction of Plaintiff's business records, proprietary trade secret information, machinery and equipment;
>
> (c) usurpation of Tipico's corporate opportunities to their benefit;
>
> (d) violation of 15 U.S.C. § 1125 (Lanham Act) by making false and misleading statements of alleged fact to, among others, Plaintiff's customers concerning Plaintiff's commercial activities;
>
> (e) violations of N.J.S.A. 56:4-1 by making false and misleading statements to Tipico's customers and unlawfully entering Plaintiff's business premises and converting Plaintiff's business records, proprietary and confidential trade secret information, equipment and machinery;
>
> (f) tortious interference with Tipico's business relationships with its customers and contractual relationships;
>
> (g) unfair competition;
>
> (h) trade disparagement;
>
> (i) breach of employment contract and breach of brokerage agreement;
>
> (j) fraud;

3

      (k) breach of covenant of good faith and fair dealing; and

      (l) replevin.

(Mot. at 3, *citing* Compl.)  The matter was removed to this Court on July 17, 2006.  On August 17, 2006 Plaintiff Tipico filed a motion to remand this matter to the state court.  On November 6, 2006, Defendants filed a Corrected Opposition to Plaintiff's Motion to Remand, and a Cross-Motion for Change of Venue to the United States Bankruptcy Court for the Eastern District of Pennsylvania.

**DISCUSSION**

    **A.**    **Whether removal was proper.**

Plaintiff argues that this Court does not have subject matter jurisdiction over any of the state law claims set forth in its Complaint, and should therefore remand the matter to the Superior Court of New Jersey, Chancery Division, Ocean County.  This Court disagrees.

Remand is governed by 28 U.S.C. § 1447(c), which provides that:

> [a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 USCS § 1446(a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "When the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to strictly construe the removal statutes against removal and resolve any doubts in favor of remand." *Hackensack Univ. Med. Ctr. v. Lagno*, No. 06-687, 2006 U.S. Dist. LEXIS 80497, at *5 (D.N.J. Nov. 3, 2006)

4

(quotations omitted)**,** *quoting Entrekin v. Fisher Scientific, Inc.*, 146 F. Supp. 2d 594, 604 (D.N.J. 2001).

This Court finds, however, that it has subject matter jurisdiction over all of plaintiff's claims. Under 28 U.S.C. § 1367(a), and

> [e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that *they form part of the same case or controversy* under Article III of the United States Constitution.

28 U.S.C. § 1367(a). The Third Circuit has "interpreted this provision to require the following: (1) the federal claims must have substance sufficient to confer subject matter jurisdiction; (2) the state and federal claims must derive from a common nucleus of operative fact; and (3) the plaintiff's claims must be such that [he] would ordinarily be expected to try them all in one judicial proceeding." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 275 (3d Cir. 2001), *quoting In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 302 (3d Cir. 1998) (quotations omitted); *see also Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995).

First, there is little doubt that Plaintiff has put forward a federal claim of "sufficient substance" to confer subject matter jurisdiction. *See* Compl. ¶ 106 ("In contravention of [15 U.S.C. § 1125] Bogano, Trinchillo, Acree, Conway, Burton G. Rutstein Food Brokerage, Dorato Foods, LLC, SB&M, SBM Investments, Bogana Imports and Bogana Company on one or more occasions, made misleading statements of alleged fact concerning the goods, services and/or commercial activities of the plaintiff.").

5

Second, Plaintiff's section 1125 claim relates to the alleged creation of Dorato Foods as a competitor to Tipico, and the alleged actions of former Tipico employees to harm Tipico and promote Dorato. All of plaintiff's state law claims thus arise out of the same case or controversy as the federal claim and relate to the same common nucleus of operative facts.

Finally, it is beyond dispute that such related claims would normally be brought in a single proceeding – as indeed they were. Accordingly, this Court finds that it may exercise supplemental jurisdiction over Plaintiff's state law claims.[2]

---

[2] Plaintiff claims that even if this Court were to find that it had subject matter jurisdiction over the state law claims, the Court should abstain from hearing the action under the doctrine of mandatory abstention. Mot. at 17-19. That doctrine is governed by 28 U.S.C. 1334(c)(2), which provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, *with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section*, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction

28 U.S.C. § 1334(c)(2). Plaintiff argues that the Court would not have had subject matter jurisdiction under § 1334 and should therefore abstain from this case. As the Court explained above, however, it has subject matter jurisdiction over this claim under § 1367. This action could therefore have been commenced in this Court absent § 1334 jurisdiction. Mandatory abstention is inapplicable here.

In the alternative, Plaintiff argues that this Court should exercise its discretionary power to abstain from this case, under 28 U.S.C. § 1334(c)(1). That section provides, in part that:

> [n]othing in this section prevents a district court in the interests of justice, or in the interests of comity with State

**B.     Whether transfer to the Bankruptcy Court for the Eastern District of Pennsylvania is appropriate.**

Defendants argue that this Court should transfer this matter to the Bankruptcy Court for the Eastern District of Pennsylvania. The Court finds that such a transfer would be appropriate.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a). "The burden of establishing the need for transfer . . . rests with the movant." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), *citing, inter alia*, *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970), *cert. denied*, 401 U.S. 910 (U.S. Feb. 22, 1971) (No. 71-944).

      1.      Could Plaintiff have brought the State Action in the Bankruptcy Court for the Eastern District of Pennsylvania?

Title 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "The district courts may, in turn, refer any or all proceedings arising under title 11 or arising in or related to a case under title 11 to the bankruptcy judges for the district." *In re Stein,* 314 B.R. 306, 309 (D.N.J. 2004) (quotations omitted),

---

      courts or respect for State law, from abstaining from
      hearing a particular proceeding arising under title 11 or
      arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). As discussed further below, this Court finds that the interests of justice are better served by a transfer of this matter to the Bankruptcy Court for the Eastern District of Pennsylvania. Accordingly, this Court will not exercise its discretionary powers of abstention under § 1334(c)(1).

*quoting* 28 U.S.C. § 157(a); *see also Binder v. Price Waterhouse & Co.,* LLP, 372 F.3d 154, 161 (3d Cir. 2004) ("Procedurally, a district court may refer all cases and proceedings that fall within [28 U.S.C. § 157(a)] to the bankruptcy court."); *Saul, Ewing, Remick & Saul v. Provident Sav. Bank*, 190 B.R. 771, 775 (D. Del. 1996) ("A bankruptcy court may, by reference from a district court, hear cases arising under title 11 or arising in a case under title 11, including those deemed 'core' proceedings as defined at 28 U.S.C. § 157(b)."). "Cases *under* title 11, proceedings *arising under* title 11, and proceedings *arising in* a case under title 11 are referred to as "core" proceedings; whereas proceedings "related to" a case under title 11 are referred to as "non-core" proceedings. " *In re: Combusion Eng'g, Inc.*, 391 F.3d 190, 226 (3d Cir. 2004), *citing Binder*, at 162.

The claims before the Court do not amount to "core proceedings."[3] They do, however, *relate to* a case under title 11. The Third Circuit has held that:

> [T]he test for determining whether a civil proceeding *is related* to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . . Thus, the proceeding need not necessarily be against the debtor or debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Belcufine v. Aloe*, 112 F.3d 633, 636 (3d Cir. 1997), *quoting Pacor v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis added); *see also In re Combustion Eng'g, Inc.*, 39 F.3d at 226.

---

[3] A non-exhaustive list of core proceedings is set out in 28 U.S.C. § 157(b)(2).

Plaintiff claims that both the Conway and Trinchillo bankruptcy proceedings are closed, and that the debts of Messrs. Trinchillo and Conway have been discharged. Reply Br. at 2. Plaintiff adds that it has not and will not file any claim in Dorato's bankruptcy proceedings. *Id.* at 3. The Court notes, however, that Plaintiff does not contend that the Dorato and Bogana bankruptcy proceedings are closed. The Court therefore finds that the State Action is "related to" the Dorato and Bogano proceedings. Accordingly, this Court holds that the State Action could have been brought in the Bankruptcy Court for the Eastern District of Pennsylvania, as that court had subject matter jurisdiction over Tipico's claims.[4]

        2.        Would the interests of justice be better served by transfer to a different forum?

There remains for this Court to assess whether it would be in the interest of justice to transfer this matter to the Eastern District of Pennsylvania. As discussed above, a finding of

---

[4] Plaintiff also argues that the debtor defendants did not have standing to remove the action to this Court. The courts in this Circuit have consistently applied 28 U.S.C. § 541(a) to prevent debtors who were *plaintiffs* in pre-petition litigation from removing cases without approval of their bankruptcy trustee, on the grounds that such debtors lacked standing to remove the case. *See Reardon v. Hahn Yelena Corp.*, 265 B.R. 533, 534 (E.Pa. 2001) ("[T]he interim trustee and not the debtor hold the interest in the pending pre-petition litigation and only the interim trustee may remove the pre-petition litigation to the bankruptcy court."); *see also Integrated Solutions v. Serv. Support Specialties*, 124 F.3d 487, 491 (3d Cir. 1997) (affirming district court's finding that party's state law tort claim was part of the bankruptcy estate under § 541).

These cases are of no avail here, where the debtor defendants have no substantive counterclaim at stake. *See* Answer & Counterclaims (Debtor defendants' requests limited to "attorneys fees [sic] and costs of suit" and "such other relief as the Court may deem equitable and just."). The Court therefore finds that the debtor defendants were entitled to remove the State Action to this Court.

liability would undoubtedly impact Dorato Foods and Bogana, both of whom are already engaged in bankruptcy proceedings in the Bankruptcy Court for that district.  Given the close relation between this matter and the bankruptcy proceedings in the Eastern District of Pennsylvania, and the fact that some parties are involved in both, it appears to this Court in the best interest of justice that the State Action be transferred to the Bankruptcy Court for the Eastern District of Pennsylvania.

Since the State Action could have originally been brought in the Bankruptcy Court for the Eastern District of Pennsylvania, and since this Court finds that the interests of justice compel the conclusion that this action should be transferred there, this Court finds that it should be so transferred.

**CONCLUSION**

For the foregoing reasons, the Court will deny Plaintiff's Motion to Remand, and grant Defendants' Motion to Change Venue to the Bankruptcy Court for the Eastern District of Pennsylvania.   An appropriate form of Order accompanies this Opinion.


Dated: January 17, 2007

                                                  s/ Garrett E. Brown, Jr.
                                                 GARRETT E. BROWN, JR., U.S.D.J.